THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER JONES-ALLEY,

        Plaintiff,

  v.

MTGLQ INVESTORS, LP, *et al.*,

        Defendants.

CASE NO. C19-0708-JCC

ORDER

This matter comes before the Court on Plaintiff's emergency motion for a temporary restraining order (Dkt. No. 12). Having thoroughly considered Plaintiff's briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff Esther Jones-Alley alleges that Defendants MTGLQ Investors, LP and Selene Finance, LP are liable for a series of illegal loan assignments that occurred after she received a loan to purchase real property in Kent, Washington. (Dkt. No. 1.) Plaintiff alleges that she has been unable to successfully apply for loan modifications. (*Id.* at 3.) Although it is not entirely clear, it appears that Plaintiff's theory of liability is either that: (1) the loan assignments were fraudulent because assignees covertly acted as both assignees and assignors, and now Plaintiff does not know who the real party in interest to her property is or (2) a rescission took place near the beginning of the chain of loan assignments that invalidated all of the subsequent loan

assignments. (*See generally id.*) As a result of these fraudulent activities, Plaintiff's home is facing foreclosure proceedings and a foreclosure sale is scheduled for July 26, 2019. (Dkt. No. 12 at 36–37.) On May 13, 2019, Plaintiff filed this lawsuit[1] seeking declaratory relief and alleging the following claims: reasonable reliance; detrimental reliance; fraud in the concealment; fraud in the inducement; unconscionable contracts; breach of contract; breach of fiduciary duty; quiet title; slander of title; violation of the Consumer Credit Protection Act; and violation of 12 C.F.R. § 1024.41(b)(2)(i)(A). (Dkt. No. 1 at 35–54.)

Less than a month after Plaintiff filed her complaint, Defendants filed a motion to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Dkt. No. 5.) In her response to Defendants' motion to dismiss, Plaintiff admits that all of Defendants' Rule 12(b)(6) arguments are meritorious and that her complaint fails to state a viable claim as alleged. (*See* Dkt. No. 13 at 9–10.) After admitting that all of her arguments fail, she asks the Court to grant her leave to amend her complaint so that she can fix the deficiencies. (*Id.*) Plaintiff has not filed an amended complaint, and the Court has not granted her leave to do so. On July 11, 2019, Plaintiff filed a motion for a temporary restraining order asking the Court to enjoin the foreclosure sale of her home. (Dkt. No. 12.)

## II. DISCUSSION

In seeking a temporary restraining order, the moving party must establish "that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Drakes*

---

[1] Prior to filing this lawsuit, Plaintiff filed another, very similar lawsuit dismissed by the Honorable Richard A. Jones, United States District Judge. *See Alley v. Carrington Mortgage Servs. LLC*, Case No. C16-1796-RAJ (W.D. Wash. 2016). The similarities of the lawsuits are not at issue in this order.

[2] In their motion to dismiss, Defendants also seek dismissal on other grounds that are not relevant to this order. (*See* Dkt. No. 5.)

1  *Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2014). Issuance of a TRO is an

2  "extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740

3  (9th Cir. 2015) (citing *Winter*, 55 U.S. at 24).

4        Plaintiff asserts that a temporary restraining order is necessary because a foreclosure sale
5  on her home is scheduled for July 26, 2019 and if her home is lost, she will be irreparably
6  injured. (Dkt. No. 12 at 36.) The Court does not doubt that Plaintiff could suffer irreparable
7  injury through the loss of her home. But Plaintiff has not submitted any evidence that the
8  foreclosure sale will happen on July 26, 2019, beyond a mere conclusory assertion. *See* Fed. R.
9  Civ. P. 56(b)(1)(A) (stating that, in order to be granted a temporary restraining order, a moving
10 party must submit "an affidavit or a verified complaint [that] clearly show[s] . . . immediate and
11 irreparable injury"). Additionally, Plaintiff has not alleged or submitted evidence that she will
12 actually lose possession of her home on that day. Thus, Plaintiff has not established that a
13 foreclosure sale is imminent and that she will imminently lose possession of her home.
14 Therefore, Plaintiff has not established that she will suffer irreparable harm in the absence of a
15 temporary restraining order.

16       However, even if the Court were to find that Plaintiff has established that she will suffer
17 irreparable harm in the absence of a temporary restraining order, she has failed to establish any
18 likelihood of success on the merits. Although Plaintiff states in her motion for a temporary
19 restraining order that she "will succeed on the merits at trial," (Dkt. No. 12 at 36), the record in
20 this case suggests the exact opposite. As a preliminary matter, it is hard for the Court to decipher
21 what harm Plaintiff claims she suffered and how Defendants are liable for any harm. (*See* Dkt.
22 Nos. 1, 12, 13.) Reading the record as broadly as possible, Plaintiff appears to be alleging that:
23 (1) a series loan assignments were fraudulent, and now Plaintiff does not know who the real
24 party in interest to her property is or (2) a rescission took place near the beginning of the chain of
25 loan assignments that invalidated all of the subsequent loan assignments. Plaintiff's first theory
26 borders on conspiratorial. She appears to be alleging that assignees covertly acted as both

assignees and assignors simultaneously and, as a result, the loan assignments were purposefully constructed to hide the true identity of the real party in interest of the real property from Plaintiff. (*See* Dkt. Nos. 1, 12.) Plaintiff therefore cannot apply for a loan modification. (Dkt. No. 1 at 3.) But her fraud allegations do not meet the heightened pleading standard Federal Rule of Civil Procedure 9 requires. (*See* Dkt. Nos. 1, 13 at 9.) And she has submitted no proof of these allegations and instead submits proof of what appear to be many valid assignments. (*See generally* Dkt. No. 12.)

With respect to her rescission theory, the evidence Plaintiff submits belies the allegation that a rescission resulted in the invalidity of the subsequent chain of assignments. Plaintiff does submit evidence of a rescission (Dkt. No. 12-1 at 29), but the rescission does not appear to affect the chain of title because the subsequent assignee took the assignment from the proper assignor, (Dkt. No. 12-1 at 9, 19) given the rescission's effect (Dkt. No. 12-1 at 18, 29).

Moreover, Plaintiff has *admitted* that her current complaint is facially deficient and fails to state *any* claim for relief. (Dkt. No. 13 at 9–10.) The evidence submitted with Plaintiff's motion for a temporary restraining order (*see generally* Dkt. No. 12), and Plaintiff's own admission that her claims lack merit (Dkt. No. 13) indicate that there is no likelihood of success on the merits. Plaintiff cannot obtain a temporary restraining order where she has failed to properly plead her complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's emergency motion for a temporary restraining order (Dkt. No. 12) is DENIED.

DATED this 12th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE