THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER JONES-ALLEY, | CASE NO. C19-0708-JCC |
| Plaintiff, | ORDER |
| v. | |
| MTGLQ INVESTORS, LP, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 5) and Plaintiff's motion for leave to file an amended complaint (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS Defendants' motion to dismiss (Dkt. No. 5) and GRANTS Plaintiff's motion for leave to file an amended complaint (Dkt. No. 17) for the reasons explained herein.

Plaintiff Esther Jones-Alley alleges that Defendants MTGLQ Investors, LP and Selene Finance, LP are liable for a series of illegal loan assignments that occurred after she received a loan to purchase real property in Kent, Washington. (*See generally* Dkt. No. 1.) Plaintiff alleges that she has been unable to successfully apply for loan modifications. (*Id.* at 3.) Although it is not entirely clear, it appears that Plaintiff's theory of liability is either that: (1) the loan assignments were fraudulent because assignees covertly acted as both assignees and assignors, and now Plaintiff does not know who the real party in interest to her property is or (2) a rescission took

place near the beginning of the chain of loan assignments that invalidated all of the subsequent loan assignments. (*See generally id.*) As a result of these fraudulent activities, Plaintiff's home is facing foreclosure proceedings and a foreclosure sale is scheduled for July 26, 2019. (Dkt. No. 12 at 36–37.) On May 13, 2019, Plaintiff filed this lawsuit[1] seeking declaratory relief and alleging the following claims: reasonable reliance; detrimental reliance; fraud in the concealment; fraud in the inducement; unconscionable contracts; breach of contract; breach of fiduciary duty; quiet title; slander of title; violation of the Consumer Credit Protection Act; and violation of 12 C.F.R. § 1024.41(b)(2)(i)(A). (Dkt. No. 1 at 35–54.)

Less than a month after Plaintiff filed her complaint, Defendants filed a motion to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 5.) Defendants make several arguments in support of dismissal, including that Plaintiff fails to allege facts sufficient to make any of her causes of action plausible.[2] (*Id.* at 7–9.) In her response to Defendants' motion to dismiss, Plaintiff admits that all of Defendants' Rule 12(b)(6) arguments are meritorious and that her complaint fails to state a viable claim as alleged. (*See* Dkt. No. 13 at 9–10.) After admitting that all of her claims fail as currently pled, she asks the Court to grant her leave to amend her complaint so that she can fix the deficiencies. (*Id.*) Plaintiff subsequently filed a motion for leave to amend her complaint, and included a proposed amended complaint (Dkt. Nos. 17, 17-1).

Having reviewed each of the causes of action alleged in the complaint, the Court FINDS that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff fails to state a claim for detrimental reliance because the complaint contains no factual allegations

---

[1] Prior to filing this lawsuit, Plaintiff filed another, very similar lawsuit dismissed by the Honorable Richard A. Jones, United States District Judge. *See Alley v. Carrington Mortgage Servs. LLC*, Case No. C16-1796-RAJ (W.D. Wash. 2016).

[2] Defendants argue that Plaintiff's claims are barred by *res judicata* based on this prior action; however, the Court does not reach the *res judicata* argument in this order.

ORDER
C19-0708-JCC
PAGE - 2

demonstrating that Plaintiff detrimentally relied on the acts or statements of either Defendant. *See Safeco Ins. Co. of Am. v. Butler*, 823 P.2d 499, 511 (Wash. 1992). Plaintiff fails to state a claim for fraud in the concealment or fraud in the inducement because the complaint contains no specific factual allegations demonstrating that Defendants made false representations that Plaintiff relied on to her detriment. *See Stiley v. Block*, 925 P.2d 194, 203 (Wash. 1996). Plaintiff fails to state a claim for unconscionable contract because the complaint does not contain factual allegations demonstrating that Plaintiff entered a contract that was either procedurally or substantively unconscionable. *See Torgerson v. One Lincoln Tower, LLC*, 210 P.3d 318, 322 (Wash. 2009). Plaintiff fails to state a claim for breach of contract because the complaint fails to allege facts demonstrating that a contract exists between the parties or facts demonstrating how Defendants breached a specific contractual obligation. *See Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995).

Plaintiff fails to state a claim for breach of fiduciary duty because the complaint does not contain factual allegations demonstrating that Defendants owed Plaintiff a fiduciary duty. *See Miller v. U.S. Bank of Wash., N.A.*, 865 P.2d 536, 543 (Wash. Ct. App. 1994). Plaintiff fails to state a claim to quiet title because the complaint does not allege facts demonstrating that Plaintiff has fulfilled her obligations as a borrower under the relevant deed of trust. *See Walker v. Quality Loan Serv. Corp.*, 308 P.3d 716, 728 (Wash. Ct. App. 2013). Plaintiff fails to state a claim for slander of title because the complaint does not contain facts demonstrating that Defendants published any false representations regarding the title to Plaintiff's home. *See Pay'n Save Corp. v. Eads*, 767 P.2d 592, 595 (Wash. Ct. App. 1989).

Plaintiff fails to state a claim for violation of the federal Consumer Credit Protection Act, 15 U.S.C. § 1641(g), because the complaint does not contain facts demonstrating that either Defendant violated a specific provision of that statute. Finally, Plaintiff fails to state a claim for violation of Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(A), because the complaint does not contain factual allegations demonstrating that Plaintiff was entitled to protection under that

regulation or that Defendants violated the regulation.

Plaintiff's proposed amended complaint (Dkt. No. 17-1) additionally includes a claim under the Washington State Consumer Protection Act, Wash. Rev. Code § 19.86 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f. "To prevail in a private [Consumer Protection Act] claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 889 (Wash. 2009) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 786 (Wash. 1986)). Under the FDCPA, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Normally, the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Under the circumstances, the Court will grant Plaintiff one opportunity to amend her complaint in accordance with the following directives.

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

In addition to the legal deficiencies that the Court has identified with Plaintiff's causes of action, the factual allegations that Plaintiff includes in her amended complaint must describe how the Defendants named in this lawsuit—MTGLQ Investors, LP and Selene Finance, LP only—are liable to her for any misconduct alleged. For each legal claim, or cause of action, that Plaintiff

asserts against Defendants, she must provide some factual allegations that will allow the Court to infer that her claims are plausible. *See Iqbal*, 556 U.S. at 664. Mere legal conclusions—for example, that "Defendants breached a contract" or that "Defendants committed fraud"—are insufficient to state a viable legal claim.

To the extent Plaintiff alleges that Defendants committed fraudulent conduct, as she implies in her original complaint, Plaintiff must support her claims with specific and detailed factual allegations. *See* Fed. R. Civ. P. 9(b). This rule requires that a complaint allege the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Thus, Plaintiff must explain who committed fraudulent conduct, when the fraud occurred, and how the alleged conduct was fraudulent. Moreover, Plaintiff must allege facts that demonstrate that Defendants are responsible for the allegedly fraudulent conduct.

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss (Dkt. No. 5), and GRANTS Plaintiff's motion for leave to file an amended complaint (Dkt. No. 17). The Court will not accept Plaintiff's proposed amended complaint that she previously filed. (*See* Dkt. No. 17-1.) Instead, Plaintiff must file an amended complaint that complies with the terms of this order. The amended complaint must carry the same case number as this one and must be filed within 21 days from the date of this order. If no amended complaint is timely filed, the Court will enter a final judgment dismissing Plaintiff's claims for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for her original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the causes of actions asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested. The Clerk is DIRECTED to send a copy of this order to Plaintiff.

//

//

1        DATED this 30th day of July 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE