THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER JONES-ALLEY, | CASE NO. C19-0708-JCC |
| Plaintiff, | ORDER |
| v. | |
| MTGLQ INVESTORS, LP and SELENE FINANCE, LP, a Delaware limited partnership, doing business as Selene Finance, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's first amended complaint (Dkt. No. 21) and Defendants' request for judicial notice (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motion to dismiss (Dkt. No. 21) and GRANTS Defendants' request for judicial notice (Dkt. No. 23) for the reasons explained herein.

**I. BACKGROUND**

In 2006, Plaintiff Esther Jones-Alley received a loan to purchase real property at 12423 SE 252nd Place, Kent, Washington. (*See* Dkt. No. 1 at 1–2.) After Plaintiff received the loan, the deed of trust securing the loan was assigned numerous times, and a variety of successor trustees were appointed. (*Id.* at 3–4.) On March 20, 2019, Quality Loan Service Corporation noticed a trustee foreclosure sale for the property on behalf of Defendant MTGLQ, listing Defendant

Selene Finance as servicer of the deed of trust. (Dkt. No. 23-1 at 50–52.) The sale was set for July 26, 2019. (*Id.*)

On May 13, 2019, Plaintiff filed this action, alleging that the assignments of the deed of trust were improper or ineffective and asserting various claims. (*See* Dkt. No. 1.) The Court dismissed her original complaint without prejudice and with leave to amend because it failed to state a claim upon which relief could be granted. (*See* Dkt. No. 18.) Plaintiff has filed an amended complaint, once again alleging that it is unclear who currently holds the deed of trust.[1] (*See generally* Dkt. No. 20.) She also alleges that someone has mismanaged the processing of her payments, that someone has refused to modify her loan, and that the entities that foreclosed on her property do not hold an interest in the property. (*Id.*) She further alleges that someone has refused to provide her with information about the loan or to answer her questions about when the default occurred. (Dkt. No. 24 at 2.) She brings claims for (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) violations of the Deed of Trust Act, Wash. Rev. Code. § 61.24.030, and (4) "lack of standing wrongful foreclosure." (Dkt. No. 20 at 2–12.) She requests $500,000 in damages and asks the Court to order Defendants to grant her a 30-year loan at a fixed interest rate of 0.01%, "a loan that she can afford." (*Id.* at 13.) Defendants now move to dismiss Plaintiff's first amended complaint, arguing that the complaint was not timely filed, that Plaintiff's claims are precluded by her prior lawsuit, and that Plaintiff fails to state a plausible cause of action. (*See generally* Dkt. No. 21.)

---

[1] On July 30, 2019, the Court granted Plaintiff leave to amend her complaint and ordered her to file an amended complaint no later than 21 days after the order was issued. (Dkt. No. 18 at 5.) Plaintiff filed an amended complaint on August 23, 2019, three days after the deadline. (Dkt. No. 20.) Plaintiff believed that because she received the Court's order by mail, Federal Rule of Civil Procedure 6(d) permits her three additional days to comply with the Court-ordered deadline. (Dkt. No. 24 at 1–2.) Because Plaintiff is proceeding *pro se* and she provided an explanation for her mistake, the Court shall construe the amended complaint as timely filed.

ORDER
C19-0708-JCC
PAGE - 2

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. *Pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Judicial Notice

When ruling on a motion to dismiss for failure to state a claim, the Court may consider the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters that are subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); Fed. R. Evid. 201. Defendants ask the Court to take judicial notice of the deed of trust on Plaintiff's property and documents evidencing subsequent assignments of the deed of trust recorded in King County, Washington. (Dkt. No. 21 at 3–4, 12.) These documents are referenced extensively in Plaintiff's amended complaint and form the basis of the complaint. *See*

1  *Ritchie*, 342 F.3d 903, 907–08. Furthermore, the accuracy of the exhibits is capable of
2  verification from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid.
3  201(a)–(b). Therefore, Defendants' request for judicial notice (Dkt. No. 23) is GRANTED. The
4  Court hereby takes judicial notice of the exhibits contained in Docket Number 23-1.

        **C.**      **Breach of Contract**

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). Plaintiff alleges that Defendants are bound by the deed of trust on Plaintiff's property. (Dkt. No. 20 at 6.)[2] Defendant MTGLQ agrees that it is a party to the deed of trust. (*See* Dkt. No. 21 at 12.) But Defendant Selene Finance is not a party to the deed of trust. (*See* Dkt. Nos. 20 at 7, 23-1 at 45.) Thus, Defendant Selene Finance cannot be liable for breach of the deed of trust. *See Nw. Indep. Forest Mfrs.*, 899 P.2d at 9. Therefore, Plaintiff's breach of contract claim is DISMISSED as to Defendant Selene Finance.

Plaintiff alleges that Defendants violated section 22 of the deed of trust when they failed to provide her notice of default and an explanation of how to cure the default. (Dkt. No. 20 at 7–8.) She further alleges that Defendants failed to notify her of her right to reinstate after acceleration or her right to bring a court action. (*Id.* at 8.) But she alleges no details as to the circumstances surrounding her default, Defendants' acceleration of the loan, and Defendants' foreclosure of her property. (*Id.*) Thus, her conclusory allegations do not plead sufficient factual content to state a plausible claim for breach of contract. *See Iqbal*, 556 U.S. at 677–78. Additionally, Plaintiff alleges that Defendants breached the deed of trust by failing to properly service her escrow account and by failing to properly credit her payments. (Dkt. No. 20 at 8; 24

---

[2] Plaintiff also alleges that someone, presumably one of the original parties to the deed of trust, violated section 17 of the deed of trust by failing to provide her a copy of the note and deed of trust. (Dkt. No. 20 at 7.) But she does not allege that Defendants are liable for that breach. (*See id.*)

ORDER
C19-0708-JCC
PAGE - 4

at 17.) But again, she provides no details beyond her bare allegation, such as when she made payments, to whom she made payments, or how she learned the payments were not credited. (*See id.*) Thus, Plaintiff fails to state a plausible claim for breach of contract against Defendant MTGLQ. *See Iqbal*, 556 U.S. at 677–78. Therefore, Defendants' motion is GRANTED and Plaintiff's claim for breach of contract against Defendant MTGLQ is DISMISSED.

### D. Breach of Duty of Good Faith and Fair Dealing

The duty of good faith and fair dealing exists only in relation to performance of a specific contract term. *See Badgett v. Sec. State Bank*, 807 P.2d 356, 360–61 (Wash. 1991). Thus, to state a plausible claim for relief, Plaintiff must allege that some aspect of Defendants' performance of their contractual obligations breached the duty of good faith and fair dealing. *See id.* Plaintiff vaguely alleges that Defendant MTGLQ allowed Defendant Selene Finance to "mismanage" her loan and escrow account, but she does not state how. (Dkt. No. 20 at 9.) She does not allege how the deed of trust required Defendants to manage her loan or how Defendants' mismanagement of her loan and escrow account relate to any provision in the deed of trust. (*See id.*) Nor does she allege how she was harmed. (*Id.*) Moreover, as the Court noted above, Plaintiff does not allege facts demonstrating that any contract existed between Plaintiff and Defendant Selene Finance. (*Id.*) Thus, Plaintiff fails to state a plausible claim that Defendants breached a duty of good faith and fair dealing. *See Badgett*, 807 P.2d at 360–61. Therefore, Defendants' motion is GRANTED and Plaintiff's claim for breach of the duty of good faith and fair dealing is DISMISSED.

### E. Deed of Trust Act

Under Washington law, only a properly appointed successor trustee may conduct a foreclosure sale. *See* Wash. Rev. Code. § 61.24.030; *Bavand v. OneWest Bank, F.S.B.*, 309 P.3d 636, 640 (Wash. Ct. App. 2013.)

Plaintiff alleges that Defendant MTGLQ was not properly assigned the deed of trust, that Defendant Selene Finance was not properly appointed as trustee, and that Defendants' 2019 foreclosure sale of her property was invalid. (Dkt. No. 20 at 10.) Plaintiff specifically alleges

ORDER
C19-0708-JCC
PAGE - 5

there were flaws in Mortgage Electronic Registration Systems, Inc.'s ("MERS") assignments of the deed of trust and the appointment of Trustee Corps as successor trustee. (*Id.* at 10–11.) Defendants argue that the record conclusively shows that Defendant MTGLQ was properly assigned the deed of trust and that Quality Loan Service Corporation was appointed as the successor trustee. (Dkt. No. 21 at 14.) In response, Plaintiff contends that every assignment of the deed of trust either has been rescinded or is void, and therefore Defendants have no interest in her property. (Dkt. No. 24 at 3.)

Defendants argue that *res judicata* precludes Plaintiff from bringing this claim. (Dkt. No. 21 at 10–11.) When a district court sits in diversity, it applies the forum state's law to determine the preclusive effect of a state court judgment. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under Washington law, the doctrine of *res judicata* bars a party from litigating claims that either were, or should have been, litigated in a prior action. *Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. Ct. App. 2009) (citing *Landry v. Luscher*, 976 P.2d 1274, 1276 (Wash. Ct. App. 1999)). Application of *res judicata* under Washington law requires identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) causes of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made. *Id.* at 104–08. *Res judicata* also requires a final judgment on the merits. *Id.* at 103. "A dismissal with prejudice constitutes a final judgment on the merits." *Hisle v. Todd Pac. Shipyards Corp.*, 93 P.3d 108, 115 (Wash. 2004). Once the party asserting *res judicata* has met its burden of establishing these elements, all matters that were considered, or could have been considered, in the prior action are barred. *See Ensley*, 222 P.3d at 102.

To determine whether the same causes of action are asserted in successive lawsuits, courts consider: "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.* at

104–05. These factors are "analytical tools," none of which must be present to apply *res judicata*. *Id.* at 105. The final consideration—whether the two suits arise from the same transactional nucleus of facts—is "the most important" consideration in determining whether the causes of action are identical. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).

On November 18, 2016, Plaintiff sued First Independent Mortgage Company (Plaintiff's original lender), MERS (the original holder of the deed of trust), Bank of America (the subsequent holder of the deed of trust), Defendant Selene Finance (a loan servicer), and several other defendants for claims arising from the same note and deed of trust. *Alley v. Carrington Mortgage Servs. LLC*, Case No. C16-1796-RAJ, Dkt. Nos. 3, 10 (W.D. Wash. 2016). Plaintiff alleged that the assignments of the deed of trust from MERS to Bank of America and other subsequent holders of the deed of trust were improper, and therefore no one held a deed of trust on her property. *Id*. She requested the court declare the deed of trust void, cancel her debt, and award her monetary and punitive damages of $995,000. *Id.*, Dkt. Nos. 3 at 5, 10 at 14. Plaintiff brought claims for fraud, negligence, and misrepresentation. *Id.*, Dkt. No. 10 at 5–6. After allowing Plaintiff to amend her complaint once, the Honorable Richard A. Jones, United States District Judge, dismissed the action with prejudice. *Id.*, Dkt. Nos. 19, 26, 27.

All the elements of *res judicata* are present here. First, Defendant Selene Finance was a party to Plaintiff's prior lawsuit, and Defendant MTGLQ is in privity with MERS and Bank of America, Defendant MTGLQ's predecessors in interest to the deed of trust. (*See* Dkt. No. 23-1 at 2, 32, 37, 40, 43, 45.) Thus, there is identity as to persons and parties in the two suits. *See Karlberg*, 280 P.3d at 1130. Second, Plaintiff's prior claims derive from the same transaction or series of transactions: the allegedly improper assignment of the deed of trust from MERS to Bank of America and its subsequent assignees. *Compare Alley*, Case No. C16-1796-RAJ, Dkt. No. 10 at 5–6, 14–15 *with* (Dkt. No. 20 at 3–12). Substantially the same evidence is at issue in both actions—the documents recording the chain of assignments of the deed of trust on Plaintiff's property. *Id.* Furthermore, because Defendant Selene Finance established in the prior

suit that it is not liable for claims arising from assignments of the deed of trust, allowing Plaintiff to proceed with her Deed of Trust Act claim would impair the rights Defendant Selene Finance established in the prior case. *See Alley*, Case No. C16-1796-RAJ, Dkt. No. 19. Thus, there is there is identity as to causes of action. *See Ensley*, 222 P.3d at 104–05.

Third, the present case and the prior action share essentially the same subject matter. Plaintiff's underlying allegation in both cases is that Defendants' interest in the property is void and therefore Defendants may not take any action to impair her interest in the property. Thus, there is identity as to subject matter. *See Landry*, 976 P.2d at 1278. Fourth, there is identity as to the quality of persons for or against whom the claim is made because Plaintiff and the prior defendants, like here, were adverse parties. *See Karlberg*, 280 P.3d at 1130; *Bordeaux v. Ingersoll Rand Co.*, 429 P.2d 207, 211 (Wash. 1967). Finally, there was a final judgment on the merits because the prior lawsuit was dismissed with prejudice. *See Hisle*, 93 P.3d at 115; *Alley*, Case No. C16-1796-RAJ, Dkt. Nos. 19, 26, 27. Therefore, Plaintiff's Deed of Trust claim is barred by *res judicata*.[3] *See Ensley*, 222 P.3d at 102. Accordingly, Defendants' motion to dismiss is GRANTED and Plaintiff's Deed of Trust claim is hereby DISMISSED.

### F. Lack of Standing Wrongful Foreclosure

Plaintiff's complaint includes a claim for "lack of standing wrongful foreclosure" but the legal basis for her claim is unclear. (Dkt. No. 20 at 12.) Plaintiff's only allegation in support of this claim is that Defendants "lacked standing to foreclose," apparently based on her other allegations that MERS never properly assigned the deed of trust. (*See id.*) Plaintiff does not cite case law demonstrating there is a separate cause of action in Washington for wrongful

---

[3] The Court notes that Plaintiff's Deed of Trust claim would also fail because she has not stated a plausible claim for relief. Plaintiff's specific factual allegations fail to adequately support her claim. She makes bare and conclusory allegations that MERS's initial assignment of the deed of trust was improper, Defendant Selene Finance was never properly appointed, and Defendant MTGLQ was never properly assigned. (*See* Dkt. No. 20 at 10–11.) These allegations are not sufficient to state a viable claim for violations of the Deed of Trust Act. *See Iqbal*, 556 U.S. at 677–78; Wash. Rev. Code. § 61.24.030.

foreclosure beyond the remedies permitted by the Deed of Trust Act. (*See id.*) It is not clear that such an independent cause of action exists.[4] *See Frias v. Asset Foreclosure Servs.*, 334 P.3d 529, 533 (Wash. 2014); *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 805, Case No. C15-0255-RAJ, Dkt. No. 87 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142 (9th Cir. 2018). Thus, Plaintiff's complaint does not establish a plausible cause of action for this claim. *See Iqbal*, 556 U.S. at 678. Therefore, Defendant's motion to discuss this claim is GRANTED and Plaintiff's claim for lack of standing wrongful foreclosure is DISMISSED.

## III. CONCLUSION

For the foregoing reasons, Defendants' request for judicial notice (Dkt. No. 23) is GRANTED. Defendants' motion to dismiss (Dkt. No. 21) is GRANTED. Plaintiff's complaint is DISMISSED with prejudice.

DATED this 28th day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] Even assuming for the sake of argument that this cause of action exists, Plaintiff's prior lawsuit would bar recovery for claims deriving from MERS's assignments of the deed of trust. *See Alley*, Case No. C16-1796-RAJ, Dkt. Nos. 19, 26, 27 (dismissing Plaintiff's prior lawsuit with prejudice); *Ensley*, 222 P.3d 102 (describing the preclusive effect of *res judicata*).